UNDERWOOD, CTY. Treas., Appellee,

v.

YODER BRAKE AND MANUFACTURING COMPANY, Appellant.

[Cite as *Underwood v. Yoder Brake & Mfg. Co.* (1992), 79 Ohio App.3d 423.]

Court of Appeals of Ohio,
Champaign County.

No. 91–CA–09.

Decided April 24, 1992.

424

*Darrell L. Heckman,* Champaign County Prosecuting Attorney, for appellee.

*John C. Newlin,* for appellant.

FAIN, Presiding Judge.

Defendant-appellant Yoder Brake and Manufacturing Company appeals from a judgment in the amount of $11,793.12, representing delinquent personal property taxes for the years 1979, 1980, 1981, and 1982. Yoder contends that this judgment is contrary to law because the action for the payment of the taxes was barred by the applicable statute of limitations, R.C. 2305.07, which Yoder pled in its answer.

We agree with the trial court that R.C. 2305.07 has no application to an action to collect personal property taxes. Therefore, the judgment of the trial court is affirmed.

## I

Plaintiff-appellee J.A. Underwood, the Treasurer of Champaign County, brought this action for the collection of personal property taxes alleged to be due and owing from Yoder for the years 1979 through 1982. This action was filed on May 5, 1989. Yoder interposed a defense based upon R.C. 2305.07, which provides, in its entirety, as follows:

"Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Both parties agreed that the sole issue for determination by the trial court was whether the action was barred by the statute of limitations. The trial court agreed with the treasurer that the action was not barred by the statute

of limitations, and entered judgment accordingly. From the judgment, Yoder appeals.

## II

Yoder's sole assignment of error is as follows:

"The trial court erred in holding that *Wasteney v. Schott,* 58 Ohio State 410 (1898) precludes the application of Section 2305.07, Ohio Revised Code, in this action for the collection of personal property taxes."

The treasurer relies, and the trial court based its decision upon, *Wasteney v. Schott* (1898), 58 Ohio St. 410, 51 N.E. 34, for the proposition that an action to collect personal property taxes is not subject to a statute of limitations. Yoder contends that *Wasteney* is no longer good law because it was based upon the premise that personal property taxes are used primarily for the general public, and only secondarily have local benefits, even though actions for the collection of personal taxes are required to be brought in the name of the county treasurer. Yoder contends that in the modern era personal property taxes are collected for the benefit of the county, so that the state of Ohio is no longer the real party in interest.

Although the issue is close, we conclude that Yoder reads the holding in *Wasteney* too narrowly. The court began by distinguishing taxes from other liabilities, holding that taxes are in a class by themselves and are not in the nature of "a liability created by statute." The text upon which we rely is as follows:

"That the cause of action accrued more than six years before the commencement of the suit, is satisfactorily established by the tax duplicate, which was the only evidence introduced on the trial; and it is the contention of the plaintiffs in error, that the action was founded on a liability created by statute, and therefore barred under section 4891, of the Revised Statutes, which limits the time for the commencement of actions so arising, to six years after the cause of action accrues. On the other hand, it is claimed the action was not barred, because it was one prosecuted in behalf of the state, to enforce an obligation due to the state, against which the statute does not run. We find nothing in the statute creating the right of action in such cases, that fixes any limit of time within which the action may be brought, or from which it may be fairly inferred any limitation was intended. On the contrary, some of its provisions, and others of our tax laws, afford strong grounds for presuming a different legislative intention. * * * The obligation of the citizen to pay his taxes is regarded as a continuing public duty which is discharged only by their payment." *Wasteney, supra,* at 413–414, 51 N.E. at 34.

Although the court in *Wasteney* observed that the state was the real party in interest, we conclude that it did so in the course of making a distinction between taxes for the benefit of the general citizenry and local assessments for the benefit of particular individuals. The text upon which we rely in reaching this conclusion is as follows:

"It is not claimed that our statute of limitations is, in terms, made applicable to the state; and the rule is universal that, in the absence of such provision, statutes of limitation do not run against the state, for the reason that laches cannot be imputed to it, and its rights cannot be prejudiced by the neglect of its officers. The proper application of the rule, in an action, is controlled however, by the nature of the rights involved, and the real parties in interest, rather than by the form of the action and names of the parties as they appear on the record. When the action, though brought in the name of the state, is prosecuted for the enforcement of some private or individual right, and the state has no substantial interest in the litigation, the plea of the statute may be interposed. On the other hand, if the state is the real party in interest, the plea of the statute is not available though the action be not prosecuted in its name; and actions under section 2859, of the Revised Statutes, for the recovery of personal taxes are, we think, of that character, and not subject to the bar of the statute, notwithstanding they are required to be brought in the name of the county treasurer. Revenues are essential to the maintenance of the state and the execution of its governmental functions. Taxation is a recognized constitutional and lawful means of raising such revenues for most, if not all public needs; and the courts will take notice that general taxes levied by the state directly, or through local agencies to which it has delegated that power, constitute a source of revenue for use in the due performance of the functions of the state government. Whether voluntarily paid, or collected by suit, they go partly to the general funds of the state for its disbursement in the administration of public affairs, and are in part disbursed in the due course of local administration by officers exercising the delegated powers of the state, deemed necessary and proper for that purpose. In the latter case, as well as the former, the fund belongs to state's revenues, and the disbursement is for the public benefit, although local advantages may also result. Through county, township, municipal, and other organizations, they are paid out in the administration of public justice, the maintenance of the public order and security, the support of the public schools, and other purposes of a public nature pertaining to the state government. Hence, for all such taxes levied on real property the lien thereon provided by statute is declared to be in favor of the state; and while it was probably deemed impracticable to create a lien on personal property for the taxes laid against it, the fund derived from them

is expended in common with that arising from real estate taxes, and for the same purposes.

"Local assessments, those made on abutting or contiguous property for local improvements according to special benefits resulting from such improvement, may stand on a different footing. While these are improvements of a public nature, the assessment goes to the contractor who furnishes the labor and material for their construction. The assessments may be assigned directly to the contractor, in which case their collection may be enforced by suit for his use. Provision is also made for placing them on the tax duplicate, and for their collection by the county treasurer. But in whichever mode their collection is sought, the remedy is in fact for the benefit of the contractor, and the interest of the state in them is nominal and remote. * * * " *Wasteney, supra,* at 414–416, 51 N.E. at 34–35.

The personal property taxes that are the subject of the suit before us will, presumably, be used by Champaign County for those general public purposes that have been delegated to the county by the state, such as the "administration of public justice, the maintenance of the public order and security, the support of the public schools, and other purposes of a public nature pertaining to the state government."

Therefore, we conclude that these taxes satisfy the *Wasteney* test for constituting taxes for a general purpose, and do not constitute local assessments. Accordingly, we conclude that the collection of personal property taxes is not intended to be subject to any statute of limitations.

Yoder's sole assignment of error is overruled.

## III

Yoder's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.